HENRY LUSTIG, Appellant, *v.* ROSE NADAY and FREDERICK A. MACK, as Executors, etc., of JOHN NADAY, Deceased, Respondents.

First Department, April 21, 1922.

Sales — action by buyer for breach of warranty — verdict for defendant not against weight of evidence — evidence — erroneous admission of evidence tending to reduce damages no ground for reversal where jury awards no damages — bill of sale properly admitted.

In an action by a buyer of an automobile for a breach of warranty by the seller that the car was a brand new car of the 1920 model, a judgment for the defendant will not be reversed, where it appears, upon an examination of the evidence, that a fair question of fact was presented to the jury as to whether defendant made the representations claimed and as to whether plaintiff relied thereon, and that the verdict cannot be said to be against the weight of the evidence; and it also appears that no errors in the admission of evidence prejudicial to plaintiff were made.

The erroneous admission of evidence, which at most could have the effect only of reducing somewhat the amount of plaintiff's damages, was harmless, as the jury, finding for defendant, could not have considered the question of damages at all.

The court properly permitted the jury to consider the memorandum bill of sale of the car in determining whether the defendant had misrepresented the condition of the car, as the defendant was warranted in contending that his representations would have been embodied in the memorandum.

APPEAL by the plaintiff, Henry Lustig, from a judgment of the Supreme Court in favor of John Naday, deceased, the original defendant, who died after the trial, entered in the office of the clerk of the county of New York on the 29th day of April, 1921, upon the verdict of a jury.

*Jacob J. Alexander,* for the appellant.

*Henry G. K. Heath,* for the respondents.

LAUGHLIN, J.:

This is an action to recover damages for the breach of a warranty on the sale of a Mercedes limousine automobile by the defendants' testator to the plaintiff for $4,500, on the 22d day of December, 1920. Plaintiff claims that the decedent, who died after the trial and will be referred to as the defendant, represented that it was a brand new car of the 1920 model and that he made only a partial inspection of it and it appearing to be as represented, he relied on the representations and was induced thereby to purchase, pay for and accept delivery of the car; but that in the month of February thereafter he discovered that, while the limousine body was new, the chassis had been used and the motor was a 1910 or 1911 model and had run about 20,000 miles. He retained the car and brought this action to recover the difference between its actual value, which

according to the evidence presented in his behalf was between $2,000 and $3,000, and its actual value if as represented, which the uncontroverted evidence shows would have been between $10,000 and $13,500. The evidence presented a fair issue of fact which was properly and clearly presented to the jury with respect to whether the defendant represented or authorized it to be represented to the plaintiff that the car was brand new and of the 1920 model and as to whether the plaintiff relied upon such representations and purchased it, believing that it was as so represented. For a period of about three years prior to the time in question, the plaintiff had been using for the storage of another car, owned and used by him, a garage in the city of New York conducted by one Sheridan, and the defendant was obtaining automobile service at the same garage from one Toale, who furnished him with cars and chauffeurs. The plaintiff testified that his chauffeur drew his attention to the Mercedes car in the garage on the twentieth of December, when Toale was present, and he inquired of Toale whether it was for sale and was informed, in substance, that it was the defendant's car and might be for sale; that on the twenty-second of December he talked with the defendant over the telephone and stated that Toale had offered him a brand new Mercedes car of the year 1920 for $4,500 and asked " whether it was all right to do business with Mr. Toale," and the defendant replied: " Anything that my man tells you is all right," and that he then informed the defendant that he was ready to purchase the car and asked if he would deliver the check for the down payment of $500 to Toale or if he should send it to the defendant and was advised to deliver it to Toale; that he drew his check to the order of the defendant and left it with Toale and paid the balance of the purchase price the next day; that before purchasing it he asked Toale whether he was positive it was a brand new car and Toale replied that it had never been used before and showed him the case in which it had come from Germany and said " and you have enough parts in that other small case to last you for the next ten years to come," and that they were all brand new parts and that the reason the defendant was selling the car was that it was too small for his wife to sit comfortably in the rear seat; that the evening before the purchase he brought his brother-in-law to the garage to see the car and Toale then represented that it was a brand new car and had never been used before. On the point that Toale represented to the plaintiff that the car was brand new he was corroborated by his brother-in-law and another witness and that fact may be deemed established, for Toale, who was called by the defendant, did not

44

deny it and testified that he supposed that it was a brand new car and that the defendant so stated to him. Defendant, however, denied that he represented to the plaintiff that the car was brand new or of the model of 1920 and also testified that before talking with the plaintiff he knew that it was not a new car although he had paid $7,760 for it delivered at the garage; and he denied that he authorized Toale to make the sale or to make any representation with respect to the car. A memorandum bill of sale of the car was prepared for plaintiff by the proprietor of the garage and was presented to and signed by the defendant. It recites that in consideration of $1 the defendant sold and transferred his " Mercedes limousine automobile, motor no. 12074 " to the plaintiff and that it was free and clear of any lien or incumbrance and that he fully and unconditionally guaranteed title. There is other evidence to the effect that the plaintiff asked leave to have his chauffeur try the car before he made the final payment of $4,000 and that such leave was granted and that the chauffeur tried it, but that also is controverted. Plaintiff testified that he did not know the value of a new Mercedes car of the model of 1920 until shortly before the trial and that he then ascertained that it was about $10,000. Other evidence tends to show that the value of a new Mercedes would have been from $10,000 to $13,500. But his testimony indicates that he must have had some knowledge that such a car was of considerable value for he does not appear to have inquired with respect to the cost of a new car and he did not deliberate long in consummating the purchase. The testimony and evidence presented a fair question of fact as to whether defendant made the representation as claimed and as to whether plaintiff relied thereon, and I think we would not be warranted in reversing on the ground that the verdict is against the weight of the evidence.

Appellant complains of erroneous rulings in the reception of evidence to the effect that prior to the sale of the automobile to the plaintiff, defendant had an offer of the same amount from one Schulhoff, who for twenty years had been associated with him in business. That evidence was incompetent and if the jury had found for the plaintiff and the amount of the verdict indicated that they had been influenced thereby, it would require a reversal. But here the jury were instructed that if the misrepresentations were made as claimed by plaintiff and relied upon by him, then the plaintiff was entitled to recover. The fact that the verdict is for the defendant shows that the jury did not reach the question of damages, for had they done so, it would have been their duty under the charge to have rendered a verdict in favor of the plaintiff for a very substantial amount, because they were instructed, in effect,

that in that event plaintiff was entitled to recover the difference between the actual value of the car delivered to the plaintiff and the value at that time of a new Mercedes limousine car of the model of 1920, and, therefore, even if the jury accepted the testimony, thus erroneously received, as showing that the car was worth $4,500 it would have been their duty to award plaintiff approximately $5,500. The court properly permitted the jury to consider the memorandum bill of sale in determining the issue of fact as to whether the misrepresentation was made, for defendant was warranted in contending that if it had been made it would have been embodied in the memorandum.

It follows that the judgment should be affirmed, with costs.

DOWLING, SMITH, MERRELL and GREENBAUM, JJ., concur.

Judgment affirmed, with costs.